United States District Court
for the
Southern District of Florida

| Elvis Maceda, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 18-23966-Civ-Scola |
| | ) | |
| City Watch Protective Services, Inc., et al. Defendants. | ) | |

## **Opinion Order on Motion to Dismiss**

Plaintiff Elvis Maceda ("Maceda"), a security guard, brings one claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") against his former corporate employers and their principals (collectively, the "Defendants"). Now before the Court is a motion to dismiss (the "Motion," ECF No. 8) filed by the Defendants. Having considered the parties' submissions, the record in this case and the applicable law, the Court **grants** the Motion (**ECF No. 8**) as follows.

### 1. **Factual Background**[1]

From February 2017 through November 2017, the Defendants employed Maceda as a security guard, assigning him to "different buildings engaged in [] interstate commerce." (ECF No. 1 at ¶¶ 12, 13.) Maceda regularly worked beyond 40 hours per week, without receiving overtime pay. (*Id. at* ¶¶ 14, 16, 17.) Based on those allegations, Maceda seeks recovery of "unpaid wages, overtime compensation, liquidated damages, and costs and reasonable attorney's fees." (*Id.* at ¶ 15.)

The Defendants seek dismissal, arguing that the above factual allegations do not plausibly support the existence of FLSA coverage under an individual or enterprise theory. (ECF No. 8 (summarizing the Complaint as a "copy-and-paste pleading practice that is insufficient to withstand a motion to dismiss").) In a one-and-a-half page response, Maceda explains his opposition in a single sentence: "This Complaint was filed roughly a month ago, and Plaintiff has not had the opportunity to engage in discovery to determine specific facts regarding individual or enterprise coverage." (ECF No. 11 at ¶ 7.)

---

[1] The Court accepts as true the facts pled in the Complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

## 2. Motion to Dismiss Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept the complaint's factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Maceda Fails to State a Claim

The FLSA requires an employer to pay an employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." See *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 29 U.S.C. § 207(a). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. "This requires a showing that the jurisdictional prerequisite of 'interstate commerce' exists in a given case, a showing that may be made one of two ways—enterprise coverage or individual coverage." *Dimingo v. Midnight Express, Inc.*, 2018 WL 770478, at *2 (S.D. Fla. Jan. 16, 2018) (Scola, J.). Maceda fails to factually allege the existence of either forms of coverage.

As for individual coverage, Maceda must allege facts plausibly establishing that "he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Servs., Inc.*, 488 F.3d 1264, 1266 (11th Cir. 2006); *Dimingo v. Midnight Xpress, Inc.*, 325 F. Supp. 3d 1299, 1309 (S.D. Fla. 2018) (Scola, J.). "Employees whose work is closely related and directly essential to the production of goods for commerce are individuals covered under the FLSA." *Id.* at 1268 (citing 29 C.F.R. § 776.18 (2005)). "Typical employees in this covered group are . . . employees of a security force that protects the producer's premises." *Id.* Although Maceda alleges he served as a security guard at "different buildings engaged in [] interstate commerce" and other statutory boilerplate,[2] the Complaint contains no factual allegations to support these legal

conclusions. (ECF No. 1 at ¶ 12); *see Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (Scola, J.) (dismissing complaint where plaintiff failed to plead any factual allegations about the nature of the plaintiff's work or the nature of his employer's business). Maceda therefore fails to allege the existence of individual FLSA coverage.

Further, the Complaint contains insufficient allegations of enterprise coverage. "An employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)). In relevant part, Maceda alleges that "Defendants regularly employed two or more employees for the relevant time period who rendered services, handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise under the [FLSA]." (ECF No. 1 at ¶ 19.) This fact-free recitation of select elements of enterprise coverage does not satisfy Rule 8. *See Twombly*, 550 U.S. at 555 (pleadings that offer mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient under Rule 8).

Maceda's professed need for discovery is no defense to his inadequate pleading; indeed, by filing the Complaint Maceda has represented to the Court that his "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3).

---

2   For example:

> Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the services rendered, materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

(ECF No. 1 at ¶ 18.)

And, to be sure, "to properly allege individual or enterprise coverage, [Maceda] need not do much." *Ceant*, 874 F. Supp. 2d at 1378. But he must assert facts plausibly supporting the existence of FLSA coverage in this case. And this the Complaint fails to do.

### 4. Conclusion

Based on the foregoing, the Court **grants**, albeit **without prejudice**, the Motion (**ECF No. 8**). Maceda has not requested leave to amend; nor has he indicated in his response to the Motion any inclination whatsoever to do so. The Court thus dismisses the Complaint without leave to amend. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

The **Clerk** is directed to **close** this case. All pending motions are **denied as moot.**

**Done and ordered,** in chambers, at Miami, Florida, on March 26, 2019.

_____
Robert N. Scola, Jr.
United States District Judge